UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK D. FOLLETTI,<br><br>                Petitioner,<br>    v.<br><br>R. CATERNOLO,<br><br>                Respondent. | Case No. 2:24-cv-00542-RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for   September 10, 2024 |

    Petitioner, Fredrick D. Folletti, is a federal prisoner who is unrepresented by counsel in this 28 U.S.C. § 2241 federal habeas action. Dkt. 3. Petitioner is serving a 24-month term of imprisonment imposed in the District of Alaska for Drug Conspiracy, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. Dkt. 11 at 1; Dkt. 12 at 1.

    According to the Federal Bureau of Prisons (BOP), as of June 11, 2024, petitioner had an anticipated release date of December 16, 2024. Dkt. 11 at 1; Dkt. 12 at 1; Dkt. 12-1. Petitioner asserts he is entitled to earn First Step Act (FSA) earned time credits from the date that he was sentenced in Alaska until his arrival at his designated institution. Dkt. 3 at 5. When petitioner commenced this action, in April 2024, he was confined at the Federal Detention Center in Seatac (FDC Seatac). Dkts. 1, 3. In June 2024, petitioner was transferred to the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan). Dkt. 11 at 2; Dkt. 12 at 2; Dkt. 12-3.

REPORT AND RECOMMENDATION - 1

The Government moves to dismiss the petition for lack of jurisdiction or, alternatively, to transfer the action to the District of Oregon. Dkt. 11. Petitioner did not file a response to the motion. For the reasons below, the undersigned recommends the government's motion (Dkt. 11) should be granted and this action should be transferred to the United States District Court for the District of Oregon.

## DISCUSSION

"[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). In general, "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" *Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004).

Here, shortly after filing the petition, petitioner was transferred to FCI Sheridan, which is located in the District of Oregon. Dkt. 11. Thus, it appears the proper respondent in this action is now the warden of FCI Sheridan. *See Rumsfield*, 542 U.S. at 435. Respondent also presents evidence that FCI Sheridan is petitioner's designated facility and that he was only being held at FDC Seatac on a temporary basis while awaiting space to be transferred to FCI Sheridan. Dkt. 11 at 2-3; Dkt. 12 at 1-2; Dkt. 12-2. Petitioner also references other § 2241 petitions filed, and decisions issued, in the District of Oregon. Dkt. 3 at 5. Thus, it is in the interest of justice to transfer the petition to the United States District Court for the District of Oregon. *See*, 28 U.S.C. § 1404(a) [1];

---

[1] 28 U.S.C. § 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

*see also Jackson v. Fed. Bureau of Prisons*, No. 2:24-CV-01007-TSZ-BAT, 2024 WL 3401186, at *1 (W.D. Wash. July 12, 2024) (transferring § 2241 petition to the District of Oregon in the interest of justice where petitioner was transferred to a facility in Oregon shortly after filing his petition).

Accordingly, the Government's motion (Dkt. 11) should be granted as follows: the action should be transferred to the United States District Court for the District of Oregon.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court grant the Government's motion (Dkt. 11) as follows: the action should be transferred to the United States District Court for the District of Oregon. A proposed order is attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **September 10, 2024**, as noted in the caption.

Dated this 26th day of August, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3